**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

HELER D.R.P.,

Petitioner,

v.

TODD BLANCHE, *in his official capacity as Attorney General of the United States*;

MARKWAYNE MULLIN, *in his official capacity as Secretary of the Department of Homeland Security*;

DAVID VENTURELLA, *in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement*;

DAVID EASTERWOOD, *in his official capacity as Acting Director of St. Paul Field Office, U.S. Immigration and Customs Enforcement*; and

ERIC TOLLEFSON, *in his official capacity as Sheriff of Kandiyohi County*,

Respondents.

Civil No. 26-3675 (JRT/JFD)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Grant D. Goerke, **LITTLER MENDELSON P.C.**, 80 South Eighth Street, Suite 1300, MN 55402, for Petitioner.

David W. Fuller and Pedro Del Valle, IV, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Federal Respondents.

Petitioner Heler D.R.P. was arrested and detained by U.S. Immigration and Customs Enforcement ("ICE") officials on May 7, 2026. He alleges that his arrest and

continued detention are unlawful. Because the Court concludes that Petitioner was not arrested pursuant to a valid administrative warrant, and Respondents have made no showing to support a warrantless arrest, Petitioner's arrest was invalid. The Court will therefore grant the habeas petition and order Petitioner's immediate release.

**BACKGROUND**

Petitioner is a native of Guatemala. (Decl. of Luis Tapia ("Tapia Decl.") ¶ 4, Aug. 25, 2026, Docket No. 6.) On May 7, 2026, in Grant County, South Dakota, Petitioner was arrested for an unrelated offense. (*Id.* ¶ 5.) On June 23, 2026, ICE officers "encountered Petitioner at Grant County Sheriff's Department . . . ." (*Id.* ¶ 6.) Petitioner "was not in the custody of the Grant County Jail, but rather was sitting in the lobby." (*Id.*) Petitioner had presented himself to "pay an outstanding arrest warrant." (*Id.*) However, after reviewing Petitioner's Guatemalan driver's license, ICE officers "performed a consensual interview in the hallway," during which they "asked Petitioner about his immigration status," which led to Petitioner informing the officers that he was a citizen of Guatemala. (*Id.*)

ICE then arrested Petitioner pursuant to an I-200 administrative warrant. (*Id.*) On that same day, at an undisclosed time, ICE served Petitioner with a Notice to Appear. (*Id.* ¶ 7.) ICE transported Petitioner to the Kandiyohi County Jail, where he is presently detained. (*Id.* ¶ 8.) On August 3, 2026, an Immigration Judge ordered Petitioner removed to Guatemala. (*Id.* ¶ 9.) Petitioner reserved his right to appeal. (*Id.*)

**DISCUSSION**

"[A]bsent suspension" by Congress, the Constitution guarantees that the "writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2). District courts can provide habeas relief to persons detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3).

Respondents' asserted basis for detaining Petitioner is 8 U.S.C. § 1225(b)(2)(A), which provides for mandatory detention for "applicant[s] for admission" into the United States. *See Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026) (concluding that an individual who, like the Petitioner in this case, was already present in the United States, was nevertheless an "applicant for admission" and is subject to mandatory detention under § 1225(b)(2)(A)).

However, the Court concludes that Petitioner's arrest was unlawful. The Court has consistently held that an immigrant detainee must be immediately released where: "(1) the noncitizen's arrest was pursuant to an I-200 warrant, and therefore Petitioner's arrest was governed by § 1226, not § 1225(b)(2); (2) the I-200 warrant was invalid because it was not issued in compliance with ICE regulations; and (3) Respondents did not comply with the requirements of 8 U.S.C. § 1357 in performing a warrantless arrest." *Jany W.G.C. v. Easterwood*, Civ. No. 26-3486, 2026 WL 2364413, at *2 (D. Minn. Aug. 14, 2026) (citing *Francisco M.A.*, Civ. No. 26-2032, 2026 WL 1229701, at *2–3 (D. Minn. May 5, 2026)).

All of those circumstances are true here. Petitioner was arrested pursuant to an I-200 warrant. And based upon the recitation of facts in Respondents' declaration, it seems that the I-200 warrant was issued prior to the initiation of removal proceedings against Petitioner and was also "issued in the field or after Petitioner was arrested and detained." *Francisco M.A.*, 2026 WL 1229701 at *1. But ICE lacks statutory and regulatory authority to issue a Form I-200 warrant in the field and without the concurrent or prior issuance of a notice to appear (NTA). *Id.* at *2; *see also Jose R.M.B. v. Kandiyohi County Jail Administrator*, Civ. No. 26-3079, 2026 WL 1894373 at *2 (D. Minn. July 1, 2026). The warrant is therefore invalid and does not provide a valid basis for Petitioner's arrest.

Nor did Respondents comply with the requirements of 8 U.S.C. § 1357, as would be required to properly arrest Petitioner without a valid warrant. Certain immigration officials are empowered to make warrantless arrests of noncitizens with "reason to believe that the [noncitizen] . . . is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest . . . ." 8 U.S.C. § 1357(a)(2). But nothing in the record before the Court indicates that Petitioner—who apparently was at the Grant County Jail voluntarily to pay an unrelated fine—was a flight risk. Petitioner's warrantless arrest was therefore unlawful.

In sum, Petitioner's arrest was unlawful, and the proper remedy is his release. *See, e.g.*, *Francisco M.A.*, 2026 WL 1229701, at *3. Because the Court decides the case on these grounds, there is no need to address the merits of Petitioner's other claims.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Heler D.R.P.'s Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED** as follows:

1. Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.
2. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without conditions** such as location tracking devices. Respondents must also coordinate with Petitioner's counsel to ensure safe release.
3. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on September 2, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: August 28, 2026
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge